IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:19-cr-00210-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| DAVID SCOTT JOLSON, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

Defendant David Scott Jolson seeks to reduce his sentence to time served. *See* 18 U.S.C. § 3582(c)(1)(A)(i). He also proposes, if released, to modify "the conditions of his supervised release to require residence in a reentry center, followed by successful completion of inpatient treatment, then clean and sober housing." Def. Mot. 1. But because Defendant has not demonstrated extraordinary and compelling reasons for release, the Court denies his motion.

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as

1 – OPINION & ORDER

compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). But with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) Extraordinary and compelling reasons warrant such a reduction; [ . . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).[1]

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d at 801. On a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id.* (citation omitted). As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

---

[1]The Government concedes that Defendant exhausted his administrative remedies. Gov't Resp. 2.

Here, Defendant Jolson argues that his various medical conditions, combined with the prevalence of COVID-19 at his detention facility, constitute extraordinary and compelling reasons for his release. Jolson states that he "suffers from hypertension, asthma, obesity, opioid use disorder, sleep apnea, depression, and anxiety" and that he "is a chronic smoker, prediabetic, and turns 50 this year." Def. Mot. 6. He also references the situation at his detention facility, FCI Sheridan, which has experienced severe COVID-19 outbreaks. The Government opposes the motion.

No doubt, Defendant's medical conditions place him at a higher risk of serious illness should he contract COVID-19. Indeed, conditions like hypertension, asthma, and obesity are frequently cited as conditions correlated with more severe symptoms and outcomes. *See People with Certain Medical Conditions,* Center for Disease Control and Prevention (Dec. 14, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (listing recognized risk factors). However, Defendant has received two doses of Moderna's COVID-19 vaccine, offering him significant protection from the virus and drastically reducing his risk of serious illness—despite his underlying conditions. *See COVID-19 Vaccines Work*, Center for Disease Control and Prevention (Dec. 23, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html. Additionally, Jolson actively manages his conditions with medication—further reducing his risk. *See People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Further still, Defendant's medical conditions, although serious, are widespread. *See COVID Data Tracker: Underlying Medical Conditions*, Centers for Disease Control and Prevention, https://covid.cdc.gov/covid-data-tracker/#underlying-med-conditions (last visited Jan. 24, 2022). Thus, the increased risk

3 – OPINION & ORDER

associated with these conditions is common, not extraordinary, and he has keenly allayed that risk via vaccination and treatment.

Finally, although FCI Sheridan has experienced severe COVID-19 outbreaks, Defendant's living conditions mitigate his current risk of contracting COVID-19. Significantly, Jolson lives in the camp at FCI Sheridan—not the main facility. Def. Mot. 3; Gov't Resp. 4; Def. Reply 2. At the camp, Defendant is not confined to a cell and can move about more freely, often outdoors. Indeed, even when FCI Sheridan's main facility entered lockdown during a COVID-19 outbreak, he remained at the camp and was far less confined than inmates in the main facility. And although FCI Sheridan—like the rest of the country—is experiencing an Omicron-driven surge, that surge is less severe at the camp than at the main facility. Def. Reply 2; *see also COVID Data Tracker: Variant Proportions*, Centers for Disease Control and Prevention, https://covid.cdc.gov/covid-data-tracker/#variant-proportions (last visited Jan. 26, 2022). Accordingly, the conditions of his confinement do not justify his release. Even when considered alongside the medical conditions described above, the Court cannot discern extraordinary and compelling reasons to reduce his sentence. *See United States v. Cardoza*, No. 3:17-cr-00438-JO, 2021 WL 932017, at *1 (D. Or. Mar. 11, 2021) (declining to reduce sentence where Defendant had underlying conditions but was vaccinated). Defendant's motion is denied.

IT IS SO ORDERED.

DATED:___January 26, 2022_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge